IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFFORD BAKER,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**KIMBERLY BUTLER,** )<br>**WEXFORD HEALTH SOURCES** )<br>**INC., and** )<br>**UNKNOWN PARTIES,** )<br>)<br>**Defendants.** ) | Case No. 16-cv-00404-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Clifford Baker, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks declaratory, injunctive, and monetary relief. (Doc. 1 at 4.)

The complaint is before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of

entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Complaint

On December 28, 2015, Plaintiff broke off one of his teeth while he was eating. (Doc. 1 at 2.) He immediately made a request for sick call, explaining that one of his teeth had broken off, that he was in extreme pain, and that he was unable to eat or drink. (*Id.*) He made two more requests on December 30, 2015, and January 1, 2016, respectively. (*Id.*) He also spoke with Defendant Unknown Party medical technician while she was making her rounds. (*Id.*) All "of these efforts were to [no] avail," however, so on January 6, 2016, he filed an emergency grievance with Defendant Warden Kimberly Butler, who deemed it an emergency. (*Id.* at 2, 6.)

Before he received a response to his emergency grievance, Plaintiff was seen by Defendant Unknown Party dentist on January 13, 2016. (*Id.* at 3.) The dentist, however, refused to treat Plaintiff at that time, and instead placed him on a waiting list and advised him to take certain prescribed antibiotics. (*Id.*)

On January 14, 2016, Plaintiff filed another grievance with Defendant Butler. (*Id.*) Butler, however, did not deem this grievance an emergency, and Defendant Unknown Party Dental Director (possibly Gail Walls) advised the grievance officer that Plaintiff's emergency had been dealt with and that the second grievance was moot. (*Id.*)

In addition to the Defendants noted above, Plaintiff also sues Defendant Wexford Health Sources Inc. ("Wexford"), alleging that they are responsible for a lack of dentists at Menard and that the alleged deliberate indifference displayed by the above-Defendants was a result of

Wexford's policies. (*Id.*)

## Discussion

Plaintiff may proceed against Unknown Parties (medical technician, dentist, and Dental Director) and Butler at this time. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (per curiam). This principle applies to dental care. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013).

To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent—deliberate indifference—towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). The complaint alleges an objectively serious medical condition: Plaintiff has experienced persistent pain in his mouth for some time and has had difficulty eating and drinking. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) ("[T]he presence of a medical condition that significantly affects an individual's daily activities . . . or the existence of chronic and substantial pain" indicate the presence of a serious medical condition.) (internal quotation marks and citations omitted). Plaintiff's claim also passes the subjective hurdle—allegations of a failure to treat in the face of an objectively serious medical condition can constitute indifference, depending on the circumstances. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010). Further, a prisoner's correspondence to prison supervisors may "establish a basis for personal liability under § 1983 where that

correspondence provides sufficient knowledge of a constitutional deprivation." *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). The complaint, therefore, shall proceed against Defendants Unknown Parties (medical technician, dentist, and Dental Director) and Butler so that further fact finding may be conducted.

The complaint may not, however, proceed against Wexford at this time. Wexford is a corporate entity and is therefore treated as a municipality for § 1983 purposes. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, Plaintiff has not alleged any concrete custom attributable to Wexford. *See, e.g.*, *Olive v. Wexford Corp.,* 494 F. App'x 671, 673 (7th Cir. 2012) (allegation that Wexford had a policy of "denying prison inmates adequate medical care" insufficient, as it did not "identify any concrete policy, let alone an unconstitutional one."). Therefore, Wexford is dismissed without prejudice.

### Pending Motion

The same day he filed his complaint, Plaintiff filed a motion for recruitment of counsel (Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must make the following two inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the

plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's petition sufficiently articulates his claims, and based on this ability, this Court concludes that he appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's motion for appointment of counsel will be **DENIED** without prejudice. Plaintiff may choose to re-file this motion at a later stage in the litigation.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint shall **PROCEED** against **BUTLER** and **UNKNOWN PARTIES (medical technician, dentist, and Dental Director)**. The complaint is **DISMISSED without prejudice** as to **WEXFORD**.

The Clerk of Court shall prepare for Defendant **BUTLER:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants **UNKNOWN PARTIES (medical technician, dentist, and Dental Director)** until such time as Plaintiff has identified these defendants in the complaint by filing a motion to substitute the unknown defendants with the names of these individuals in the caption and, where applicable, throughout the complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including discovery aimed at identifying Defendants **UNKNOWN PARTIES (medical technician, dentist, and Dental Director)**.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2016**

                                                      s/ MICHAEL J. REAGAN
                                                     Chief Judge
                                                     United States District Court