## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| CLIFFORD BAKER, #M34611, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 16-404-MJR-SCW |
| | ) | |
| KIMBERLY BUTLER, WEXFORD | ) | |
| HEALTH SOURCES, INC., and | ) | |
| UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SAUERHAGE'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, JEANNE SAUERHAGE, by and through her attorney, LISA MADIGAN, Attorney General of the State of Illinois, hereby files her answer and affirmative defenses to Plaintiff's Complaint (Doc. 1) and in support thereof, states as follows:

## STATEMENT OF CLAIM

### Deliberate Indifference to Serious Dental Needs:

1.      Plaintiff, Clifford Baker, asserts that the Defendants have failed to provide reasonably prompt attention to and adequate treatment for his condition. While eating on 28 December 2015 one of his teeth broke off. Immediately placing a sick call/dentist request in the institutional mailing system, Plaintiff explicated that he needs treatment for a tooth that broke, that he is in extreme pain, and that he is unable to eat or drink. After two more requests on 30 December 2015 and 1 January 2016, Mr. Baker spoke with one of the medical technicians during her evening tour on 6 January 2016. None of these efforts were to any avail, so he submitted the first emergency grievance to Warden Kimberly Butler on 6 January 2016.

**ANSWER: Defendant admits Plaintiff filed an emergency grievance dated January 6, 2016. Defendant denies failing to provide reasonably prompt attention to or adequate treatment**

**for Plaintiff's condition. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.**

2.      Soon thereafter, prior to receiving a response to the above referenced grievance, Mr. Baker was seen by a dentist (John Doe Defendant, to be identified during discovery) on 13 January 2016. Despite the obvious dental emergency, this dentist refused to treat the tooth and placed him on a waiting list – advising to take the prescribed antibiotics. Regardless of his serious pain and his inability to eat or drink, this dentist ignored his plight until a much later, more convenient, time. This is an inappropriate response to a serious dental need, subjecting Mr. Baker to unnecessary delays, prolonging his suffering and increasing his risk to further pain and injury.

**ANSWER:  Defendant denies violating Plaintiff's rights. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the above paragraph.**

3.      Since this rendered virtually no treatment at all and inherent to his concern for this ongoing emergency, Plaintiff submitted a second grievance to Warden Butler on 14 January 2016. Irregard (sic) of her previously recognizing the first grievance as an emergency, this second emergency complaint was deemed insubstantiated (sic). Between this and the Dental Director's (John/Jane Doe Defendant, presumed to be Gail Walls, the Health Care Unit Administrator) improper advisement to the grievance officer that these serious needs were addressed, Mr. Baker's tooth continued to be untreated. Any reasonable person in a position such as the Warden and Dental Director would know, upon review of the record, that this issue has been inappropriately addressed. Whether the delay/denial of treatment is due to understaffing or to the indolence of staff, it is their duty to be certain that when they are put on notice of an actual emergency they must respond properly, making sure the subject of their care is adequately treated. Their response was not only improper, it renders them obdurate to plaintiff's untreated condition. In effect he was subjected to cruel and unusual punishment.

**ANSWER:  Defendant admits an emergency grievance was filed by Plaintiff dated January 14, 2016. Defendant admits the January 6, 2016 grievance was expedited as an emergency grievance, and the January 14, 2016 emergency grievance was deemed unsubstantiated. Defendant denies improperly responding to Plaintiff's situation, and denies violating Plaintiff's rights. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of the above paragraph.**

4.      These Defendants are deliberately indifferent to Mr. Baker's broken tooth, abrogating his eighth and fourteenth amendment rights of the United States Charter. In addition, for the apparent understaffing of dentists and for the actions taken pursuant to their policies, Wexford Health Sources, Inc. is also responsible for the above constitutional violations.

**ANSWER: Defendant denies violating Plaintiff's rights. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of the above paragraph.**

On Jan 21st Mr. Baker request medical records to be denied. Also with more request to get tooth fixed which is still untreated as of April 11, 2016.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the above paragraph.**

### Request for Relief

Defendant denies Plaintiff is entitled to any relief.

### Jury Demand

Defendant demands a trial by jury.

### AFFIRMATIVE DEFENSES

**1.      Qualified Immunity**

At all times relevant herein, Defendant acted in good faith in the performance of her official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendant is, therefore, protected from suit by the doctrine of qualified immunity.

**2.     Eleventh Amendment**

Plaintiff is suing Defendant for declaratory relief or injunctive relief not intended to address ongoing violations.  Such relief is barred by the Eleventh Amendment, sovereign immunity, and the Prison Litigation Reform Act (42 U.S.C. §1997e(a)).

**3.     Sovereign Immunity**

Plaintiff stated claims against Defendants in their official capacity, which are barred by sovereign immunity and the Eleventh Amendment.

**4.     Exhaustion**

Plaintiff has failed to exhaust his administrative remedies prior to initiating bringing this action, therefore his claims are barred by Section 1997e(a) of the Prison Litigation Reform Act.

WHEREFORE, Defendants respectfully request that this honorable Court enter judgment in their favor.

Respectfully submitted,

KIMBERLY BUTLER,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois

Max Boose, #6320334
Assistant Attorney General
500 South Second Street           Attorney for Defendant,
Springfield, Illinois  62701
(217) 557-0261 Phone              By:_s/Max Boose_____
(217) 524-5091 Fax                    MAX BOOSE
Email: mboose@atg.state.il.us         Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

|                                     |     |                    |
|-------------------------------------|-----|--------------------|
| CLIFFORD BAKER, #M34611,            | )   |                    |
|                                     | )   |                    |
|     Plaintiff,  | )   |                    |
|                                     | )   |                    |
|   -vs-                    | )   | No. 16-404-MJR-SCW |
|                                     | )   |                    |
| KIMBERLY BUTLER, WEXFORD            | )   |                    |
| HEALTH SOURCES, INC., and           | )   |                    |
| UNKNOWN PARTIES,                    | )   |                    |
|                                     | )   |                    |
|     Defendants. | )   |                    |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2017, the foregoing document, *Defendant Sauerhage's Answer and Affirmative Defenses*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

Clifford Baker, #M34611
Menard Correctional Center
Inmate Mail/Parcel
Post Office Box 1000
Menard, IL  62259

Respectfully submitted,

  s/Max Boose
Max Boose, #6320334
Assistant Attorney General
Attorney for Defendant
Office of the Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 557-0261 Phone
(217) 524-5091 Fax
Email:  mboose@atg.state.il.us